

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

February 3, 2015

George F. Gormley, P.C.
Attorneys and Counselors at Law
755 East Broadway, 3rd Floor
South Boston, Massachusetts 02127

      Re:    United States v. Patrick Gomes et al.,
              Criminal No. 13-10017-RWZ

Dear Mr. Gormley:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Patrick Gomes ("Defendant"), in the above-referenced case. The Agreement is as follows:

1. Change of Plea

At the earliest practicable date, Defendant shall plead guilty to all counts in which he is named in the above-referenced Superseding Indictment: so much of Count One as charges conspiracy to distribute cocaine base and marijuana, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B)(iii); and Count Ten, felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g). Defendant expressly and unequivocally admits that he committed that much of the crime charged in Count One of the Superseding Indictment to which he is pleading guilty, did so knowingly and intentionally, and is in fact guilty of that offense. Defendant also expressly and unequivocally admits that he committed the crime charged in Count Ten of the Superseding Indictment, did so knowingly and is in fact guilty of that offense.

Defendant also admits that the conspiracy charged in Count One of the Superseding Indictment involved 28 grams or more of cocaine base, a Schedule II controlled substance, and that 28 grams or more of cocaine base is attributable and was reasonably foreseeable to him.

The U.S. Attorney agrees to withdraw the Information previously filed in this case pursuant to Title 21, United States Code, Section 851.

2.    Penalties

Defendant faces the following mandatory minimum and maximum penalties on each count of the Superseding Indictment:  Count One, incarceration for not less than 5 years and not more than 40 years; supervised release for at least 4 years and up to a term of life; a fine not to exceed $5,000,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Superseding Indictment; and Count Ten, incarceration for not more than 10 years; supervised release for at least 3 years and up to a term of life; a fine not to exceed $250,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Superseding Indictment.

Defendant also recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offenses to which Defendant is pleading guilty.  Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel and the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration status. Defendant nevertheless affirms his decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

3.    Fed. R. Crim. P. 11(c)(1)(C) Plea

This plea agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's guilty plea will be tendered pursuant to that provision.  In accordance with Rule 11(c)(1)(C), if the District Court ("Court") accepts this Agreement, the Court must include the agreed disposition in the judgment.  If the Court rejects any aspect of this Agreement, the U.S. Attorney may deem the Agreement null and void.  Defendant understands and acknowledges that he may not withdraw his plea of guilty unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

4.    Sentencing Guidelines

The parties agree jointly to take the following positions at sentencing under the United States Sentencing Guidelines ("USSG" or "Guidelines").  The parties agree that Defendant's total adjusted offense level under the Guidelines is calculated as follows:

- With respect to Count One, Defendant is responsible for the equivalent of at least 100 kilograms, but less than 400 kilograms of marijuana according to the drug conversion and marijuana equivalency table found in USSG §2D1.1, Application Note 8, and §2D1.1(c)(8), which results in a base offense level of 24.  The parties

also agree that Defendant is subject to a 5-year mandatory minimum sentence based on the drug weight for which he is responsible.

- With respect to Count Ten, in accordance with USSG §2K2.1(a)(4)(A), Defendant's offense level is 20 because Defendant committed the instant offense subsequent to sustaining a felony conviction of either a crime of violence or a controlled substance offense. In accordance with USSG §2K2.1(b)(6)(B) Defendant's offense level is increased by 4 because Defendant possessed the firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense.

- In accordance with USSG §§3B1.1 and 3B1.2, no role in the offense adjustment is warranted by the facts in this matter.

- In accordance with USSG §3D1.4, 2 levels are added because each Count is one unit for purposes of determining the combined offense level.

- In accordance with USSG §3E1.1, based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, the adjusted offense level is reduced by three, for a total adjusted offense level of 23.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case.

The U.S. Attorney may, at her sole option, be released from her commitments under this Agreement, including, but not limited to, her agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Agreement and sentencing, Defendant:

      (a)    Fails to admit a complete factual basis for the plea;

      (b)    Fails to truthfully admit Defendant's conduct in the offenses of conviction;

      (c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

      (d)    Fails to provide truthful information about Defendant's financial status;

      (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which

Defendant is accountable under USSG §1B1.3;

(f)     Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

(g)     Intentionally fails to appear in Court or violates any condition of release;

(h)     Commits a crime;

(i)     Transfers any asset protected under any provision of this Agreement; or

(j)     Attempts to withdraw Defendant's guilty plea.

Nothing in this Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5.     Agreed Disposition

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

(a)     incarceration for not less than 60 months and not more than 72 months;

(b)     48 months of supervised release;

(c)     a mandatory special assessment of $200; and

(d)     forfeiture as set forth in Paragraph 9.

Within the sentencing range agreed to by the parties, the sentence to be imposed upon Defendant is within the discretion of the Court, subject to the provisions of the advisory USSG and the factors set forth in 18 U.S.C. §3553(a).

6.     Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

7.     Waiver of Right to Appeal and to Bring Future Challenge

(a)     Defendant has conferred with his attorney and understands that he has the right to challenge his conviction in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant also understands that, in

some circumstances, Defendant may be able to challenge his conviction in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. §2255, 28 U.S.C. §2241 or 18 U.S.C. §3582(c). Defendant waives any right to challenge Defendant's conviction on direct appeal or in any future proceeding (collateral or otherwise).

(b)     Defendant has conferred with his attorney and understands that defendants ordinarily have a right to challenge in a direct appeal their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) and may sometimes challenge their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) in a future proceeding (collateral or otherwise) such as pursuant to 28 U.S.C. §2255, 28 U.S.C. §2241 or 18 U.S.C. §3582. The rights that are ordinarily available to a defendant are limited when a defendant enters into a Rule 11(c)(1)(C) agreement. In this case, Defendant waives any rights Defendant may have to challenge the agreed-upon sentence (including any agreement relating to supervised release, fines, forfeiture, and restitution) on direct appeal and in a future proceeding (collateral or otherwise), such as pursuant to 28 U.S.C. §2255 and 28 U.S.C. §2241. Defendant also waives any right Defendant may have under 18 U.S.C. §3582 to ask the Court to modify the sentence, even if the USSG are later amended in a way that appears favorable to Defendant. Likewise, Defendant agrees not to seek to be resentenced with the benefit of any change to Defendant's Criminal History Category that existed at the time of Defendant's original sentencing. Defendant also agrees not to challenge the sentence in an appeal or future proceeding (collateral or otherwise) even if the Court rejects one or more positions advocated by any party at sentencing. In sum, Defendant understands and agrees that in entering into this Agreement, the parties intend that Defendant will receive the benefits of the Agreement and that the sentence will be final.

(c)     The U.S. Attorney agrees that she will not appeal the imposition by the Court of a sentence with the sentencing range agreed to by the parties as set out in Paragraph 5, even if the Court rejects one or more positions advocated by either party at sentencing.

(d)     Notwithstanding the previous subparagraphs, Defendant reserves the right to claim that Defendant's lawyer rendered ineffective assistance of counsel under *Strickland v. Washington*.

8.     <u>U.S. Probation Office Not Bound By Agreement</u>

The sentencing disposition agreed upon by the parties and their respective calculations under the USSG are not binding upon the United States Probation Office.

9.     Forfeiture

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

10.     Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

11.     Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Agreement.

12.     Withdrawal of Plea By Defendant or Rejection of Plea by Court

Should Defendant move to withdraw his guilty plea at any time, or should the Court reject the parties' agreed-upon disposition of the case or any other aspect of this Agreement, this Agreement shall be null and void at the option of the U.S. Attorney.  In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Agreement.

13.     Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has engaged in any of the activities set forth in Paragraph 4(a)-(j), has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing.  The U.S. Attorney may also pursue all remedies available to her under the law, regardless whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which otherwise may have been brought against Defendant and/or have been, or are to be, dismissed pursuant to this Agreement. Defendant understands that his breach of an obligation under this Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements that Defendant may make, and any information, materials, documents or objects

that Defendant may provide to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

14.   Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

15.   Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Emily Cummings.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By:   *Cynthia Young*

CYNTHIA A. YOUNG
Chief, Criminal Division
JAMES D. HERBERT
Deputy Chief, Criminal Division

7

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter, and that I have received no prior offers to resolve this case. I understand the crimes to which I have agreed to plead guilty, the mandatory minimum and maximum penalties for those offenses and the Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
Patrick Gomes
Defendant

Date: _____

I certify that Patrick Gomes has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

_____
George F. Gormley
Attorney for Defendant

Date: Feb 4, 2015

8